UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  08-21412-CIV-MARTINEZ-BROWN

ADA MAE RUTLEDGE,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD. d/b/a NCL and/or
NORWEGIAN CRUISE LINE, a foreign profit
corporation,

    Defendant.
_____/

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE came before the Court upon Defendant's Motion for Final Summary Judgment **(D.E. No. 49)**.  For the following reasons, the motion is denied.

**I. Factual Background**

Plaintiff filed this one-count complaint alleging negligence relating to a fall she suffered while she was a passenger on Defendant's cruise line.  The Plaintiff asserts that she fell due to an improperly positioned carpet.  (D.E. No. 60-2.)  She served her original state court complaint on Defendant on March 4, 2008, which was 367 days, or a year and a day, after her March 3, 2007 accident.[1]  The passenger ticket contract[2] that the Plaintiff traveled under provides as follows:

---

[1] The Court notes that 2008 was a leap year.

[2] This contract also provided that the contract was to be governed under general United States maritime law and, where they did not conflict with maritime law or the provisions of the contract itself, the laws of the State of Florida.

> The Guest agrees that no suit, whether brought in rem or in personam, shall be maintained against the Carrier for emotional or physical injury, illness or death of Guest unless written notice of the claim, including a complete factual account of the basis of such claim, is delivered to the carrier within 185 calendar days from the date of the incident giving rise to such injury, illness, or death, and no suit shall be maintainable unless commenced within one (1) year from the day of the incident giving rise to such injury, illness or death, notwithstanding any provision of any state or country to the contrary.

After Plaintiff's fall, an onboard nurse completed a form labeled "CONFIDENTIAL" that stated the location where Plaintiff was injured and quoted Plaintiff as saying, "As I was going into the elavator [sic], I tripped on the carpet on the threshold.  Face-head dive [sic].  When I woke up I was on elevator floor bleeding." (D.E. No. 60-3.)  The form noted that the Plaintiff was unable to write because of her injury.  *Id*.  The "Ship's Medical Log," which is signed by the ship's physician, the ship's nurse, the captain, and the staff captain, repeats Plaintiff's quote (albeit with corrected spelling), records a diagnosis of a possible humerus fracture or shoulder dislocation, and describes the prescribed treatment.  (D.E. No. 60-4.)  The staff on board the ship conducted a subsequent investigation, in which they performed a breathalyzer test on Plaintiff[3], obtained photographs, and examined the condition of the location of the incident.  (D.E. Nos. 60-5, 60-7.)  Defendant has claimed privilege relating to some of the documents created pursuant to this investigation on the ground that they were work product prepared in anticipation of litigation.

**II.  Standard**

A motion for summary judgment should be granted "if the pleadings, depositions,

---

[3] The Court notes that Plaintiff's husband asserts that his signature on the results of the breathalyzer test was a forgery, and the signature on the results form does not appear to match the signature on his declaration.  (D.E. No. 60-6.)

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  By its very terms, this standard provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party.  *Anderson*, 477 U.S. at 248; *Matsushita Electric Indus. Co.,* 475 U.S. at 586.  It is "material" if it might affect the outcome of the case under the governing law.  *Anderson*, 477 U.S. at 248.  In addition, in considering a motion for summary judgment, the Court is required to view the evidence in the light most favorable to the non-moving party.  *Id*. at 255.

If the moving party bears the burden of proof at trial, the moving party must establish all essential elements of the claim or defense in order to obtain summary judgment.  *See United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 2d 1428, 1438 (11th Cir. 1991).  The moving party  "'must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial.'" *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)).  "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'" *Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 3d at

1438 (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.3d 1472, 1477 (11th Cir. 1991)). *See also* Fed. R. Civ. P. 56(e).

In contrast, if the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by establishing the nonexistence of a genuine issue of material fact as to any essential element of a non-moving party's claim or affirmative defense. *Celotex*, 477 U.S. at 324. When the non-moving party bears the burden of proof, the moving party does not have to "support its motion with affidavits or other similar material *negating* the opponent's claim." *Id*. at 323 (emphasis in original). The moving party may discharge its burden in this situation by showing the Court that "there is an absence of evidence to support the nonmoving party's case." *Id*. at 324. Once the moving party discharges its initial burden, a non-moving party who bears the burden of proof must "go beyond the pleadings and by [its] own affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting Fed. R. Civ. P. 56(e)). A non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

**III. Analysis**

**A.     Written Notice**

Defendant asserts that Plaintiff's claim is barred because she did not provide written notice of her claim within 185 days of her accident, as provided for in the ticket contract. Plaintiff asserts that the notice provided on the form she filled out in order to receive treatment qualifies as written notice under the contract.

Passenger ticket contracts are subject to the same principles as other contracts. *See Rams v. Royal Caribbean Cruise Lines, Inc*., 17 F.3d 11, 12 (1st Cir. 1994) (applying the "principle that 'in case of doubt, an instrument is to be taken against the party that drew it'" to a passenger ticket contract) (quoting *Chelsea Industries, Inc. v. Accuray Leasing Corp*., 699 F.2d 58, 61 (1st Cir. 1983)); *see also United States ex rel. Eastern Gulf, Inc. v. Metzger Towing, Inc*., 910 F.2d 775, 779 (11th Cir. 1990) ("general rules of contract interpretation" govern construction of maritime contract for towage services).

The parties assert that there is no controlling law on the subject of whether the treatment form constitutes valid written notice as required by the passenger ticket contract, and the Court is not aware of any controlling precedent. Defendant, however, points to a case in which the district court of New York notes as dicta that a description of the accident to an on-board doctor does not qualify as written notice because "even assuming that the doctor was the agent of the company authorized to receive claims, . . . acquainting the doctor with the fact of injury [is not the same as] making a claim upon the steamship company for damages resulting from the injury." *Brady v. Farley*, 27 F.Supp. 840, 843 (D.C.N.Y. 1939). Plaintiff, on the other hand, relies on *Smith v. Commodore Cruise Line Ltd.*, 124 F. Supp. 2d 150 (S.D.N.Y. 2000), in which the court for the southern district of New York held that a passenger provided the requisite written notice when she wrote the cruise line a letter asking for a copy of their records for her file, as well as describing her accident, her injuries, and their alleged negligence. The plaintiff in *Smith*, unlike the Plaintiff in this case, explicitly stated in the letter that she "would like to collect for [her] bills." *Id*. at 157.

Black's Law Dictionary defines the term "claim" as follows:

> 1. The aggregate of operative facts giving rise to a right enforceable by a court <the plaintiff's short, plain statement about the crash established the claim>. — Also termed claim for relief (1808). 2. The assertion of an existing right; any right to payment or to an equitable remedy, even if contingent or provisional <the spouse's claim to half the lottery winnings>. 3. A demand for money, property, or a legal remedy to which one asserts a right; esp., the part of a complaint in a civil action specifying what relief the plaintiff asks for.

*Black's Law Dictionary* 281-82 (9th ed. 2009). Merriam-Webster Dictionary defines "claim" as follows:

> 1: a demand for something due or believed to be due <an insurance claim> 2a: a right to something; specifically : a title to a debt, privilege, or other thing in the possession of another 2b: an assertion open to challenge <a claim of authenticity> 3: something that is claimed; especially : a tract of land staked out.

*Merriam-Webster Dictionary*, www.merriam-webster.com (2010). In this case, the Plaintiff's medical form does not make it clear that Defendant's negligence, or any problem with the carpet or the elevator, caused her to trip on the carpet at the elevator threshold. The form also does not include any assertion of a right to payment, even if contingent or provisional. It certainly does not include a demand for a legal remedy. Therefore, under the plain meaning of the terms in the passenger ticket contract, the written medical form does not constitute written notice of Plaintiff's claim.

**B.     Prejudice to Defendant**

The fact that Plaintiff failed to give notice does not end the Court's inquiry, however, because this case is governed by maritime law. Under 46 U.S.C. § 30508, "[w]hen notice of a claim for personal injury or death is required by a contract, the failure to give the notice is not a bar to recovery if . . . the court finds that the owner, master, or agent of the vessel had knowledge of the injury or death and the owner has not been prejudiced by the failure." 46 U.S.C. §

30508(c)(1).  "The statute makes clear that the injured passenger need not provide the cruise line with a written notice that she intends to hold the ship legally liable for the injury, as long as there is evidence to show that the cruise line or its agent was aware of the passenger's injury, and there was no prejudice as a result thereof." *Brown v. New Commodore Cruise Line Ltd.*, No. 98 CIV. 4402 BSJ, 2000 WL 45443, at *2 (S.D.N.Y. Jan. 19, 2000).  Despite the fact that Plaintiff's medical form did not constitute written notice of a claim, it is undisputed that the owner, master, or agent of the vessel had knowledge of the injury.  Furthermore, it is clear that Defendant conducted an investigation immediately following the injury, which included efforts to obtain the Plaintiff's blood alcohol level and efforts to assess the site of the accident.  Accordingly, the Court concludes that the Defendant has not been prejudiced by the failure to obtain written notice of the claim within 185 days.  Therefore, under § 30508 and at the summary judgment stage, Plaintiff's failure to give notice is not a bar to recovery.  Thus, after careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that Defendant's Motion for Final Summary Judgment **(D.E. No. 49)** is **DENIED.**

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of October, 2010.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record